In the Matter of SIGMUND SCHWARTZ, an Attorney, Respondent. ERIE COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, September 22, 1966.

*John B. Walsh* and *Leonard F. Walentynowicz* for petitioner.

*John T. Bertell* for respondent.

*Per Curiam.* On the 14th of June, 1966, respondent Sigmund Schwartz submitted his resignation as an attorney at law and as a member of the New York State Bar.

In April, 1962, charges of unprofessional conduct were filed against him by the Bar Association of Erie County. Included in these charges were accusations of: misappropriation of trust funds; commingling of trust funds of his clients with his own; fraud; forgery; perjury; larceny; causing clients to suffer unnecessary legal expenses in obtaining their own money from the respondent; aiding and abetting unauthorized persons to practice law, and general malfeasance and misfeasance.

There were 10 counts in the petition, which in the aggregate involved large sums of money.

Although none of these charges has been presented in the form of testimony, there has been no formal denial thereof by respondent, nor has he requested a hearing thereon.

Shortly after service of the petition, the respondent entered a State hospital, where he was found to be mentally ill, and he presented an affidavit of a qualified psychiatrist to that effect. Thereafter, this court appointed Helen G. Schwartz, the wife of the respondent, special guardian to protect his interests and,

because of his incompetency, this court suspended him from the practice of law on the 25th day of February, 1963, until the final disposition of the charges against him unless such suspension should be terminated earlier upon a showing of recovery of mental health. The suspension has never been terminated. In the same order we deferred the hearing of charges until the respondent's recovery of his mental health and the return of his ability to assist in the preparation of his defense.

Presented with his resignation is a medical document which establishes that, on the date of his resignation and since, respondent understood the nature of his act and the consequences thereof and that he has been fully competent to understand his activities during that period. Also submitted is a verified statement from Mrs. Schwartz, the respondent's special guardian, requesting that the resignation be accepted, stating that she had discussed the matter thoroughly with the respondent and that he was well aware of all its implications and that both she and the respondent felt that this would be in the best interests of all concerned.

The resignation should be accepted.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Resignation accepted and order entered upon resignation striking respondent's name from roll of attorneys and counselors at law.